No. 794
ROLF v. HEIL
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5135. Decided Oct. 6, 1924

**355. DAMAGES—Verdict of $10,000 for permanent injury to hand, held not excessive.**

PER CURIAM.
Epitomized Opinion
Published Only in Ohio Law Abstract

Heil brought an action against Rolf for personal injuries claimed to have been sustained by him by reason of an automobile collision. The first trial resulted in a verdict for plaintiff in the sum of $12,000. The trial court granted a new trial on the ground that the verdict was against the weight of the evidence. On retrial Heil was given $16,250.

Heil was operating a touring car behind a large Packard moving van, which was a short distance ahead of him. In some manner he collided with a 3½ ton steel truck belonging to Rolf. In rendering judgment for $10,000, the court of Appeals held.

1. As the evidence disclosed that the plaintiff had a permanent injury, it cannot be said that the finding of the jury was so excessive as to be rendered under the influence of passion or prejudice.

2. It cannot be said that the accident was caused by the negligence of the plaintiff, Heil, in view of Heil's testimony.

Attorneys — Dustin, McKeehan, Merrick, Arter & Stewart, for Rolf; Payer, Winch, Minshall & Karch, for Heil.

---

No. 795
GASKINS, Admr., v. HAMILTON C. (Cam.)
Ohio Appeals, 1st Dist., Hamilton County
No. 2332. Decided Feb. 25, 1924

**725. LIMITATION OF ACTIONS—1. Limitation of actions in wrongful death case qualifies the right.**

**2. Failure to demur or set up statute in answer does not constitute waiver.**

**359. DEATH—Failure to make proper person defendant does not stay statute under 10773-1 GC.**

HAMILTON, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Gaskins was killed on Feb. 13, 1920. An action was commenced against the Hamilton County Commissioners on March 23, 1920. On May 5, 1922, an amended petition was filed, making Milford Village a party defendant. At the close of the evidence the court directed a verdict for the commissioners upon the ground that the defective roadway where decedent was killed was not within the jurisdiction of the commissioners, but within the jurisdiction of Milford.

The court then directed a verdict for the village upon the ground that the action was not commenced against it within the two year limitation period. This defense was not raised by demurrer or answer. In affirming the judgment of the lower court, the Court of Appeals held:

1. The two year limitation is a restriction qualifying the right of action itself and not the remedy, and unless the action is brought within two years the right has perished before the action was brought.

2. There was no waiver of the limitation by the failure of the village to demur to the petition or make the objection by way of answer.

3. Where a party brings an action for wrongful death but fails to make the person defendant until after the two year period of limitation has expired, the statute runs against him and he does not come within the provisions of 10773-1 GC.

Attorneys—John W. Cowell and Alvin H. Hodges, for Gaskins; Charles S. Bell and Chester S. Durr, for Hamilton County Commissioners; Murphy & Joseph, for Village of Milford.

---

No. 796
ROTUNO v. STATE
Ohio Appeals, 2d Dist, Montgomery County
No. 566. Decided Sept. 11, 1924

**661. INTOXICATING LIQUORS—1. Possession of wine of excessive alcoholic content, held unlawful.**

**2. Failure to contradict charge of possession of beer held to show violation in this regard.**

BY THE COURT.
Epitomized Opinion
Published Only in Ohio Law Abstract

Rotuno was convicted of having intoxicating liquors in his possession. The evidence disclosed that he had about 8½ barrels of wine showing an alcoholic content of 8.95%. There was also some evidence that he had some home brew in his possession. Rotuno claimed that the wine was made for family use and that he had never sold or delivered the same. In sustaining the conviction, the Court of Appeals held:

1. Possession of wine containing more than one-half of one per cent of alcohol is unlawful.

2. As there was no evidence offered by the accused to contradict the charge of having beer in his possession, that fact alone warranted a conviction.

Attorneys—Egan & Delscamp, for Rotuno; Albert H. Scharrer and P. J. Wortman, and Charles M. Earhart, for State.